UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RUIZ DIAZ,<br><br>  Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, *et al*.,<br><br>  Respondents. | Case No.: 26-cv-427-JO-BLM<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

Petitioner Juan Ruiz Diaz filed a petition for writ of habeas corpus. Dkt. 1. The Court held oral argument on February 9, 2026. For the reasons stated on the record, the Court GRANTS Petitioner's habeas petition [Dkt. 1]. Respondents are ORDERED to release Petitioner by 5 p.m. on February 10, 2025 and file an affidavit attesting to Petitioner's release by 5 p.m. on February 11, 2025.

The Court finds that it has jurisdiction to review Petitioner's constitutional challenges to his detention for the same reasons stated in its prior decision in *Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *2–*3 (S.D. Cal. Jan. 29, 2026).

The Court has also considered whether additional relief, aside from ordering release, is appropriate in this case.  While habeas relief commonly includes reprieve from physical imprisonment, "release need not be the exclusive remedy." *Boumediene v. Bush*, 553 U.S. 723, 779–80 (2008) ("depending on the circumstances, more [relief] may be required").  Habeas orders also extend to defining the parameters of a petitioner's freedom when needed to provide complete relief from unlawful detention.  *See Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir. 2010) (holding that petitioner's release—revocable at the government's discretion—did not provide complete relief where petitioner sought a legal ruling that he could only be redetained upon a bond hearing); *Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005) (despite release, petitioner's habeas claim challenging the statutory authority for his detention "continue[d] to present a live case or controversy" because the court could provide relief to prevent redetention on the same allegedly unlawful basis).  Despite Petitioner's liberty interest, the government detained him without notice or any consideration of his flight risk or danger to the public.  And despite myriad court orders like this one, the government continues to assert its § 1225 authority to detain countless noncitizens and subject them to the same wrongful deprivation of their liberty interests.[1]  Consequently, Petitioner remains exposed to immediate redetention and a repetition of the same harm he has just endured, even after this Court's release order.  The Court therefore concludes that specific injunctive relief

---

[1] *See, e.g.*, *Lopez v. Warden, Otay Mesa Det. Ctr.*, No. 25-CV-2527-RSH-SBC, 2025 WL 3005346 (S.D. Cal. Oct. 27, 2025); *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837 (S.D. Cal. Nov. 4, 2025); *Calel v. LaRose*, No. 3:25-CV-02883-GPC-JLB, 2025 WL 3171898 (S.D. Cal. Nov. 13, 2025); *Faizyan v. Casey*, No. 3:25-CV-02884-RBM-JLB, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025); *Sanchez v. Noem*, No. 25-CV-3068 JLS (MMP), 2025 WL 3214987 (S.D. Cal. Nov. 18, 2025); *Ruiz v. LaRose*, No. 25-CV-02714-BAS-SBC, 2025 WL 3214975 (S.D. Cal. Nov. 18, 2025).  The government has continued this practice even after *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025), which declared as unlawful the DHS policy of classifying noncitizens arrested in the United States as subject to § 1225(b)(2).  To this day, the government continues to mandatorily detain these noncitizens pursuant to its purported § 1225 authority.  *See, e.g.*, *Azizi v. LaRose, et al.*, No. 26-cv-0049-JO-BJW, Dkt. 1 (Habeas Pet.) (S.D. Cal. Jan. 5, 2026); Dkt. 5 (Reply to Habeas Pet.) (S.D. Cal. Jan. 12, 2026) (government acknowledging that petitioner was detained on December 31, 2025—after the Bautista decision—under its § 1225 authority).

prohibiting further detention based on this wrongful assertion of statutory authority is necessary and ORDERS as follows:

1. Respondents are ENJOINED from redetaining Petitioner without a pre-deprivation hearing before an immigration judge, at which the Government bears the burden of proving by clear and convincing evidence that circumstances have materially changed, rendering Petitioner a danger to the community or a flight risk.[2] *See Singh v. Holder*, 638 F.3d 1996, 1203 (9th Cir. 2011). The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

2. Respondents shall file a declaration attesting to full compliance with these obligations. Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

**IT IS SO ORDERED.**

Dated: February 9, 2026

Honorable Jinsook Ohta
United States District Judge

---

[2] While § 1226 allows the government to hold a noncitizen in custody while it decides whether to initially grant release, a pre-deprivation hearing is the more appropriate remedy for individuals like Petitioner who already enjoy a liberty interest. In order to prevent an erroneous deprivation of that existing liberty interest and therefore satisfy due process requirements, this hearing must take place **prior** to any detention. Other courts in this circuit have likewise found that enjoining further detention without first providing a bond hearing is necessary to justify any continued deprivation of a petitioner's liberty interest. *See, e.g.*, *Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 938 (N.D. Cal. 2025); *O.G. v. Albarran*, No. 1:26-CV-00010-TLN-DMC, 2026 WL 19105, at *5 (E.D. Cal. Jan. 3, 2026).